Ari Markow (State Bar No. 186342)
*ALM@manningllp.com*
Jenifer Wallis (State Bar No. 303343)     NOTE: CHANGES MADE BY THE COURT
*JCW@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile:  (213) 624-6999

Errol J. King (LA State Bar No. 17649) (Pro Hac Vice)
 *eking@bakerdonelson.com*
John B. Davis (LA State Bar No. 23025) Trial Attorney (Pro Hac Vice)
 *jbdavis@bakerdonelson.com*
Daniel P. Guillory (LA State Bar No. 31180) (Pro Hac Vice)
 *dguillory@bakerdonelson.com*
**BAKER, DONELSON, BEARMAN**
**CALDWELL & BERKOWITZ, PC**
450 Laurel Street
Chase Tower North, 20th Floor
Baton Rouge, LA  70801
Telephone:  (225) 381-7000
Facsimile:   (225) 382-3612

Angelica M. Fiorentino (FL State Bar No.  85886) (Pro Hac Vice)
 *afiorentino@bakerdonelsom.com*
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
SunTrust Center
200 South Orange Ave.
PO Box 1549
Orlando, FL  32802-1549
Telephone:  (407) 422-6600
Facsimile:   (407) 841-0325

*Counsel for Defendant,*
*Molina Healthcare of California*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

### (Riverside)

| | |
|---|---|
| Allen Carter, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Molina Healthcare of California, | Case No. 5:16-CV-00364-FMO-JPR<br><br>**JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Assigned to:<br>Department:<br>Complaint Filed:  02/29/2016<br>Trial:  None Set |

1 | _____ Defendant.

2

3      **NOW COME** Plaintiff, ALLEN CARTER ("Plaintiff"), and Defendant,

4  MOLINA HEALTHCARE OF CALIFORNIA ("Defendant"), by and through their

5  undersigned counsel, and hereby respectfully jointly move this Honorable Court for

6  entry of the agreed Protective Order which is attached as **Exhibit 1** hereto.  The parties

7

8  jointly request the Court to enter such Protective Order.

9  Date: June 1, 2016

10                                         WESTGATE LAW
                                           By:*/s/ Matthew A. Rosenthal*
11                                            Matthew A. Rosenthal
                                              Attorneys for Plaintiff
12
                                           MARTIN & BONTRAGER, APC
13                                         By:*/s/ Nicholas J. Bontrager*
                                              Nicholas J. Bontrager
14                                            Attorneys for Plaintiff

15                                         MANNING & KASS ELLROD,
                                           RAMIREZ, TRESTER LLP
16                                         By:*/s/ Ari Markow*
                                              Ari Markow
17                                            Attorneys for Defendant

18                                         BAKER, DONELSON, BEARMAN
                                           CALDWELL & BERKOWITZ, PC
19                                         By:*/s/ John B. Davis*
                                              John B. Davis
20                                            Errol J. King
                                              Daniel P. Guillory
21                                            Angelica M. Fiorentino
                                              Attorneys for Defendant
22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 1, 2016, I electronically filed the foregoing with the Clerk of the Courts by using the Court's CM/ECF system, which will send a notice of electronic filing to the following:

By:      */s/ Ari Markow*
         Ari Markow

**JOINT MOTION FOR ENTRY OF
PROTECTIVE ORDER**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

### (Riverside)

| | |
|---|---|
| Allen Carter, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>     v.<br><br>Molina Healthcare of California,<br><br>     Defendant. | Case No. 5:16-CV-00364-FMO-JPR<br><br>**ORDER ON JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>Assigned to:<br>Department:<br><br>Complaint Filed:  02/29/2016<br>Trial:  None Set |

## <u>ORDER</u>

Considering the foregoing "*Joint Motion for Entry of Protective Order*," and for good cause showing therein:

**IT IS HEREBY ORDERED** that the Court approves and enters the Protective Order attached as **Exhibit "1"** to the "*Joint Motion for Entry of Protective Order*."

Entered this 13th day of June, 2016.

_____

By:  _____
Hon. Jean P. Rosenbluth
United States Magistrate Judge
Central District of California

**JOINT MOTION FOR ENTRY OF
PROTECTIVE ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

**JOINT MOTION FOR ENTRY OF
PROTECTIVE ORDER**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION
### (Riverside)

Allen Carter, Individually and On Behalf of
All Others Similarly Situated,

        Plaintiff,

      v.

Molina Healthcare of California,

        Defendant.

Case No. 5:16-CV-00364-FMO-JPR

**PROTECTIVE ORDER**

Assigned to:
Department:

Complaint Filed:  02/29/2016
Trial:  None Set

This Protective Order is entered in the above-captioned Action to prevent the unauthorized disclosure of the Parties' confidential information during and after the course of the litigation.  **IT IS HEREBY ORDERED** as follows:

    1.    This Protective Order shall apply to the above-captioned Action, ("the Action").

    2.    The terms and conditions of this Protective Order shall govern initial disclosures, the production and handling of documents, answers or responses to interrogatories, responses to requests for admission, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure or any other applicable rules of civil procedure, and all other information produced by any Party or by any third party in response to discovery requests or subpoenas.

    3.    The designation "CONFIDENTIAL" shall be limited to information that any producing Party, including any third party, in good faith, believes to contain (a)

proprietary or commercially sensitive information; (b) personal financial information; or (c) information that should otherwise be subject to confidential treatment under any rule applicable to civil actions in the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.

4. Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

a) a named Party, or an employee or representative of a named Party who has executed a certification attached hereto as Exhibit A;

b) in-house counsel of a named Party, including paralegals, assistants and clerical employees working under the supervision of such counsel;

c) outside counsel representing a named Party in the Action, including all attorneys, paralegals, assistants and clerical employees working under the supervision of such counsel;

d) court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals, or an appropriate company official with authority to do so on behalf of the company, execute a certification attached hereto as Exhibit A;

e) actual or potential experts or consultants who are retained by any Party or any attorney described in subparagraphs 4(b) and 4(c) above to assist with the Action, who are not a current employee of a Party or subsidiary or affiliate of a Party, and who execute a certification in the form attached hereto as Exhibit A;

f) a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the Action and who executes a certification in the form attached hereto as Exhibit A;

g) during depositions and preparation for depositions, a deposition witness who is a current employee of the Party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or data reflected in the document, provided such witness executes a certification in the form attached hereto as Exhibit A;

7

**JOINT MOTION FOR ENTRY OF**
**PROTECTIVE ORDER**

h)   any private mediator used in the Action, provided such person executes a certification in the form attached hereto as Exhibit A; and

i)   the Court and/or mediators appointed by the Court, in camera.

5.   The designation "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" shall be limited to information that any producing Party, including third parties, in good faith, believes to contain:

a)   current and past (to the extent they reflect on current) business and financial information;

b)   current and past (to the extent they reflect on current) marketing plans and methods;

c)   trade secrets;

d)   intellectual property;

e)   research, development, production and manufacturing information;

f)   past or current company personnel or employee information; and

g)   other "CONFIDENTIAL" information (as defined in Paragraph 3) the disclosure of which is likely to cause competitive or commercial injury to the producing Party.

6.   Information designated "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" may be disclosed only to the following persons:

a)   in-house counsel of a named Party, including paralegals, assistants and clerical employees working under the supervision of such counsel;

b)   outside counsel representing a named Party in the Action, including all attorneys, paralegals, assistants and clerical employees working under the supervision of such counsel;

c)   court reporters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a certification in the form attached hereto as Exhibit A;

**JOINT MOTION FOR ENTRY OF**
**PROTECTIVE ORDER**

d)   potential or actual experts or consultants who (i) are retained by any Party or any attorney described in Subparagraphs 6(a) and (b) to assist with the Action; (ii) are not current employees of a Party or subsidiary or affiliate of a Party; and (iii) who execute a certification in the form attached hereto as Exhibit A;

e)   a person who, in the ordinary course of business, prepared, received, or reviewed the "HIGHLY CONFIDENTIAL" and "ATTORNEY EYES ONLY" information prior to its production in the Action;

f)   during depositions and preparation for depositions, a deposition witness who is a current or former employee or designee witness of the Party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY", or the specific events, transactions, discussions, or data reflected in the document, provided such witness executes a certification in the form attached hereto as Exhibit A;

g)   any private mediators utilized in the Action, provided such person executes a certification in the form attached hereto as Exhibit A; and

h)   the Court and/or mediators appointed by the Court, in camera.

For purposes of this Protective Order, the phrases "HIGHLY CONFIDENTIAL" and "ATTORNEY EYES ONLY" shall have the same meaning and effect.

7.   When producing documents in response to any discovery request in the Action, the Parties may also designate information as "CONFIDENTIAL HEALTH INFORMATION." The designation "CONFIDENTIAL HEALTH INFORMATION" shall be limited to information that a Party, in good faith, believes to contain "protected health information," as defined by 45 CFR Section 164.501 and/or "individually identifiable health information," as defined by 45 CFR Section 160.103, or information that is otherwise protected from disclosure by the Privacy Act, 5 U.S.C. Section 552a, or the Health Insurance Portability and Accountability Act of 1996, Public Law 104-191.

8.      Information designated as "CONFIDENTIAL HEALTH INFORMATION" may be disclosed only to the following persons:

a)   a named Party, or an employee or representative of a named Party who has executed a certification attached hereto as Exhibit A;

b)   in-house counsel of a named Party, including paralegals, assistants and clerical employees working under the supervision of such counsel;

c)   outside counsel representing a named Party in the Action, including all attorneys, paralegals, assistants and clerical employees working under the supervision of such counsel;

d)   court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals, or an appropriate company official with authority to do so on behalf of the company, execute a certification attached hereto as Exhibit A;

e)   actual or potential experts or consultants who are retained by any Party or any attorney described in subparagraphs 4(b) and 4(c) above to assist with the Action, who are not a current employee of a Party or subsidiary or affiliate of a Party, and who execute a certification in the form attached hereto as Exhibit A;

f)   a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in the Action and who executes a certification in the form attached hereto as Exhibit A;

g)   during depositions and preparation for depositions, a deposition witness who is a current employee of the Party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or data reflected in the document, provided such witness executes a certification in the form attached hereto as Exhibit A;

h)   any private mediator used in the Action, provided such person executes a certification in the form attached hereto as Exhibit A; and

i)   the Court and/or mediators appointed by the Court, in camera.

9.      This Protective Order shall retroactively apply to any and all information or documents already produced or exchanged in the Action.

10.     Unless expressly stated otherwise in a separate agreement, this

10

Protective Order does not apply to information or documents  in the possession of a receiving Party prior to the Action, and not subject to any obligation of confidentiality unless the information or documents were acquired from a third party that received the information or documents subject to any form of confidentiality protection.

11.    All documents and information produced or exchanged in the course of the Action shall be used or disclosed solely for the purpose of the Action and in accordance with the provisions of this Protective Order.  Such documents and information shall not be used or disclosed for any business purpose, or in any other litigation or proceeding, whether or not sought through discovery, or for any other purpose, except by Court Order or as otherwise required by law.  The foregoing notwithstanding, this Protective Order has no effect on, and its scope shall not extend to any Party's use of its own documents and information.

12.    Any person or Party receiving documents or information produced or exchanged in the course of the Action that receives a request or subpoena for production or disclosure of documents or information produced or exchanged in the course of the Action shall promptly give notice by email or facsimile to the attorneys of record for the producing Party identifying the information sought and enclosing a copy of the subpoena or request.  Provided that the producing Party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or Party subject to the subpoena or other request shall not produce or disclose the requested information without the consent of the producing Party or until

11

**JOINT MOTION FOR ENTRY OF**
**PROTECTIVE ORDER**

ordered by a court of competent jurisdiction.

13.     Counsel shall provide each person to whom they disclose or give access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION" with a copy of this Protective Order, advise each person of his or her obligation to comply with the terms of the Protective Order, and secure the signature of each person on the appropriate certification required herein.  Persons receiving "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION" are prohibited from disclosing it to any person except in conformance with this Protective Order.  The recipient of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION" agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.  Counsel agrees to maintain a file of all executed certifications (Exhibit A) required by this Protective Order.

14.     The recipient of any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION" shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient

12

with respect to his or her own confidential or proprietary information.

15.    "CONFIDENTIAL,"  "HIGHLY  CONFIDENTIAL"  and "ATTORNEY  EYES  ONLY"  information  or  "CONFIDENTIAL  HEALTH INFORMATION" may include or be included in any document, physical object, tangible thing, transcript or oral testimony or recorded statement of counsel, such as, by way  of  example  and  not  limitation,  initial  disclosures,  transcripts,  answers  to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes, abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks, compositions, devices, test reports, programs, code, commands, electronic data, electronic media, databases, and any other records and reports which comprise, embody, or summarize information about the producing Party's business, products, practices, and procedures.

16.    In  designating  information  "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION," the producing or testifying Party or person, including third parties, will make such designation only as to that information that it in good faith believes is "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL"  or  "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION."  The failure of a Party to exercise good  faith  in  the  designation  of  information  as  "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" may subject that Party to sanctions, including the imposition of

**JOINT MOTION FOR ENTRY OF
PROTECTIVE ORDER**

attorneys' fees and costs.

17.     Wherever practicable, and subject further to the provisions of Paragraph 19, the Parties shall take appropriate steps to safeguard documents containing "CONFIDENTIAL HEALTH INFORMATION," which steps may include redacting documents to remove names, social security numbers, and other protected or individually identifying health information, requesting leave of Court to submit such documents under seal, coding the documents to substitute a numerical or other designation for the patient's name or other identifying information, requesting that any exhibit be placed under seal, introducing summary evidence where practicable which may be more easily redacted, and assuring that all social security numbers associated with the names of individual patients have been removed.

18.     All or any part of a document, tangible item, discovery response, or pleading disclosed, produced, or filed by any Party or person in the Action may be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" by the producing or disclosing Party or person by marking the appropriate legend on the face of the document and each page so designated.  With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by delivery at the time of disclosure, production or filing to the Party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH

INFORMATION".

19.     The Parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in the Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" at the time of the deposition by advising the court reporter and all Parties of such fact during the deposition.  If any portion of a videotaped deposition is designated pursuant to this paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend.  Unless a shortened time period is requested as set forth below, within 30 days of receipt of the transcript, the deponent, his/her counsel, or any other Party may re-designate all or portions of the transcript "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION".  The deponent, his/her counsel or any other Party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" and serve the same on opposing counsel.  If no designation is made within 30 days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION".  A Party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducing effective discovery,

and consent to such a request shall not be unreasonably withheld.  In the event of a dispute as to a request for a shortened time period, the Parties shall first try to dispose of such dispute in good faith on an informal basis.  The Parties further agree that either Party may unilaterally redact "CONFIDENTIAL" information that it believes has no relevance to the issues present in the Action, provided, however, that the Parties agree that neither Party will redact telephone numbers from documents produced in this matter.  If a Party redacts information from a document labeled as "CONFIDENTIAL," the redacting Party shall provide the other Party with a brief description of the information that has been redacted.  If the other Party believes the redaction was inappropriate, the other Party can challenge the redaction of such information through the procedure outlined in Paragraph 22 of this Protective Order.

20.    Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION," shall be filed under seal in accordance with the Local Rules of the United District Court for the Central District of California.

21.    The Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION" from attending any hearing or deposition at which such information is revealed.

22.    Nothing in this Protective Order shall be construed in any way as a

16

finding that information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" actually is "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION." Any Party may object, in writing, to the designation by another Party by providing the bates number(s) of the document(s) to which it objects and its grounds for questioning the designation. A Party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any Party to the Action disagrees at any point in these proceedings with the designation by the producing Party, the Parties shall try first to resolve said dispute in good faith on an informal basis. If the Parties cannot resolve the dispute within seven (10) days of service of a written objection, the Party challenging a designation may file a motion under Local Rule 37 within seven (7) days after the parties' informal attempts at resolution have concluded, stating its objections and request appropriate relief from the Court. The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion. The Party that has designated a document as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" shall bear the burden of proving that such designation is appropriate.

23. Neither the agreed entry of this Protective Order nor any of its terms contained herein shall be construed to affect or prejudice in any manner whatsoever the

legal claims or defenses of any party to this action, and nothing contained herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in the Action. This Protective Order is without prejudice to the right of any Party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

24.     Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from tendering advice to clients with respect to the Action and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION" so long as the attorney does not disclose "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION."

25.     A Party who in good faith learns that a producing Party, through apparent inadvertence or mistaken disclosure, has disclosed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION" shall promptly notify the producing Party of the apparently inadvertent or mistaken disclosure. The inadvertent or mistaken disclosure by a producing Party of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or  "CONFIDENTIAL HEALTH INFORMATION" shall not constitute a waiver of any claim of confidentiality except

where:

    a)    the producing Party notifies a receiving Party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure; and

    b)    within thirty (30) days of such notice, the producing Party fails to provide properly re-designated documents to the receiving Party.  During the thirty (30) day period after notice, the materials shall be treated as designated in the producing Party's notice.  Upon receipt of properly re-designated documents, the receiving Party shall return all unmarked or incorrectly designated documents and other materials to the producing Party within five (5) business days.  The receiving Party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing Party's notice.

26.    Should any "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION" be disclosed, through inadvertence or otherwise, by a receiving Party to any person or Party not authorized under this Protective Order, then the receiving Party shall:

    a)    use its best efforts to obtain the return of any such "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION" and to bind such person or Party to the terms of this Protective Order;

    b)    within five (5) business days of the discovery of such disclosure, inform such person of all provisions of this Protective Order and identify such person or Party to the producing Party; and

    c)    request such person or Party to sign the certification attached hereto as Exhibit A.  The executed certification shall be served upon counsel for the producing Party within ten (10) business days of its execution by the Party to whom the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION" was inadvertently disclosed.

Nothing in this paragraph is intended to limit the remedies that the producing Party may pursue for breach of this Protective Order.

**JOINT MOTION FOR ENTRY OF**
**PROTECTIVE ORDER**

27.     A producing person or entity who is not a Party in the Action shall be entitled to the protections afforded herein by signing a copy of this Protective Order and serving same on all counsel of record.  Thereafter, a producing person or entity may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" information or "CONFIDENTIAL HEALTH INFORMATION" only testimony, information, documents or things that such producing person or entity has produced or provided in the Action.

28.     This Protective Order shall survive the termination of the Action and any consolidated or coordinated actions and shall continue in full force and effect thereafter.

29.     Within sixty (60) days after final termination of the Action as to all Parties, including resolution of all appellate proceedings, counsel for the receiving Party shall:

a)     for all paper documents identified as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY," or "CONFIDENTIAL HEALTH INFORMATION" in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving Party, (i) return those documents to the Party that produced the documents or (ii) destroy those documents and certify in writing the destruction of all documents to counsel for the producing Party; and

b)     for all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" documents or data reflected in computer databases or in any other reasonably accessible electronically stored form, as that term is used in the Federal Rules of Civil Procedure, securely erase those documents and certify in writing the destruction of all documents to counsel for the producing Party.

Nothing in this section shall be construed to limit or unnecessarily restrict each

20

**JOINT MOTION FOR ENTRY OF**
**PROTECTIVE ORDER**

respective law firm or attorney's document retention policies.

30.     After final termination of this Action, including the resolution of all appellate proceedings, the outside counsel for a named Party may each retain one copy of each deposition transcript and exhibit, court transcripts and exhibits, and documents and other materials submitted to the Court.  Nothing herein shall require the return or destruction of attorney work product.  Such material shall continue to be treated as designated under this Protective Order.  Nothing in this section shall be construed to limit or unnecessarily restrict each respective law firm or attorney's document retention policies.

31.     If information subject to a claim of attorney-client privilege or work-product privilege is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege for such information.  If a Party has inadvertently or mistakenly produced information subject to a claim of privilege, upon written request made by the producing Party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving Party intends to challenge the producing Party's assertion of privilege.  Any document or material information reflecting the contents of the inadvertently produced information shall be expunged unless the receiving Party intends to challenge the producing Party's assertion of privilege.  If a receiving Party

21

**JOINT MOTION FOR ENTRY OF**
**PROTECTIVE ORDER**

objects to returning such information within the seven (7) business-day period described above, the producing Party may move the Court under Local Rule 37 for an order compelling the return of such information. In the event, that the producing Party files such motion, the producing Party shall have the burden of demonstrating the existence of privilege as to the documents or information at issue. Pending the Court's ruling, a receiving Party shall not make any use of such information.

32.    Nothing in this Protective Order shall prevent any Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional Protective Orders or for a modification of this Protective Order.

33.    This Protective Order is not intended to set forth protocols or govern the search and production of electronically stored information ("ESI") in this Action. Rather, the Parties agree to develop and jointly propose a separate order that shall govern and set forth the protocols for the search and production of ESI in this Action. This Agreement shall be binding on the Parties hereto when signed regardless of whether or when the Court enters its Agreement thereon.

34.    Nothing herein shall prevent any Party from applying to the Court for a modification of this Agreement should the moving party believe the Agreement, as originally agreed upon, is hampering its efforts to prepare for trial; or from applying to the Court for further or additional protective Agreements; or from an Agreement between the parties to any modification of this Agreement, subject to the approval of the Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

**JOINT MOTION FOR ENTRY OF**
**PROTECTIVE ORDER**

## **CERTIFICATION**

I hereby certify that I have read the attached Protective Order entered by the United States District Court, Central District of California, in the Action captioned "*Allen Carter v. Molina Healthcare of California*," Case No.: 5:16-cv-00364-FMO-JPR (the "Order"), and I agree that I will not reveal "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION"  to, or discuss such with, any person who is not entitled to receive "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" in accordance with the Order, and I will use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" only for the purposes of the Action and not for any business or other purpose.  I will otherwise keep all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" or "CONFIDENTIAL HEALTH INFORMATION" confidential in accordance with this Order.  I agree that the United States District Court, Central District of California has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose.  I will otherwise be bound by the strictures of the Order.

/ / /

/ / /

/ / /

**JOINT MOTION FOR ENTRY OF**
**PROTECTIVE ORDER**

1

2    Dated: _____          [Signature] _____

3                                [Print Name] _____

4

5                                [Employee] _____

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT MOTION FOR ENTRY OF**
**PROTECTIVE ORDER**